# In the United States Court of Federal Claims

No. 20-752C
Filed: January 29, 2021
NOT FOR PUBLICATION

**DICHONDRA BOWDEN,**

    *Plaintiff*,

v.

**UNITED STATES,**

    *Defendant*.

**MEMORANDUM OPINION AND ORDER**

  The plaintiff, Dichondra Bowden, filed this action *pro se*. Her complaint seeks money allegedly withheld illegally from her final paycheck following her termination as an employee of the Department of Veterans Affairs ("VA").

  Pending before the Court is the defendant's motion, under Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"), to dismiss the plaintiff's complaint for lack of subject matter jurisdiction. Even read liberally, the complaint fails to invoke the Court's limited jurisdiction and must therefore be dismissed.

**I. BACKGROUND**

  The plaintiff alleges that she was terminated from her employment by the VA on August 2, 2017. (Compl., Ex. 1.) She claims that she did not receive a final paycheck, despite an end balance of 64.5 hours worked. (Compl. at 2.)

  The plaintiff filed her initial complaint on June 22, 2020, and the Court granted the plaintiff's motion to proceed *in forma pauperis*. The plaintiff cited the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as the basis for her claim. (Compl. at 1, 4.) On August 10, 2020, the Court rejected the plaintiff's purported motion to seek discovery. On September 4, 2020, the Court granted the defendant's motion for an extension of time, allowing the defendant until October 9, 2020, to file an answer.

  On October 7, 2020, the Court directed that a document submitted by the plaintiff, prior to the filing of the defendant's responsive pleading to the initial complaint, be filed and treated as a motion to amend the complaint. In this motion, the plaintiff cited 5 U.S.C. § 5514, as well as provisions of California state law, as the substantive bases for her claim. On November 9, 2020, the Court denied the plaintiff's motion to amend without prejudice to its renewal, in reliance on the plaintiff's *pro se* status.

The plaintiff renewed her motion to amend her initial complaint on November 23, 2020, and the Court entered a scheduling order under which the parties would brief the motion. The Court also directed the plaintiff to submit a copy of her proposed amended complaint. The plaintiff's amended complaint again cited 5 U.S.C. § 5514 in passing but relied primarily on provisions of California state law as the source of substantive law in support of her claim. Both parties filed timely briefs, and the plaintiff filed with her reply brief a copy of her proposed amended complaint. The plaintiff also moved for the Court to schedule oral argument.

On December 14, 2020, the Court denied the plaintiff's second motion to amend the complaint because the plaintiff had proposed a new substantive basis for her claim beyond this Court's jurisdiction. The Court also denied the plaintiff's motion for oral argument, determining that oral argument would be fruitless. As a result, the plaintiff's initial complaint filed in June 2020 remains the controlling statement of the plaintiff's claims before the Court.

The defendant has moved to dismiss the complaint for lack of subject matter jurisdiction or, in the alternative, for summary judgment. The plaintiff has filed a document that includes a response to the defendant's motion and a cross-motion for summary judgment. In her opposition and cross-motion, the plaintiff raised several new substantive bases for her claim that were not included in her complaint. The Court stayed the proceedings on the motions for summary judgment until the threshold jurisdictional question raised in the defendant's motion to dismiss is resolved. The Court considers that jurisdictional question now.

## II. DISCUSSION

This Court's jurisdiction is established by the Tucker Act, 28 U.S.C. § 1491(a), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The Supreme Court has interpreted the Tucker Act to waive sovereign immunity to allow jurisdiction in the Court of Federal Claims if a claim is (1) founded on an express or implied contract with the United States; (2) seeking a refund of a payment previously made to the United States; or (3) based on federal constitutional, statutory, or regulatory law mandating compensation for damages sustained, unless arising from a tort. *See United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009). "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States." *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *see also United States v. Sherwood*, 312 U.S. 584, 588 (1941) (holding that the United States is the

only defendant against which this court may hear claims).  To invoke this Court's limited jurisdiction, a plaintiff must rely on a statute or regulation that is money-mandating, meaning the source of alleged liability "can fairly be interpreted as mandating compensation by the Federal Government."  *United States v. Testan*, 424 U.S. 392, 400 (1976).

The plaintiff bears the burden of establishing by preponderant evidence that the Court has jurisdiction to hear her claim.  *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

The plaintiff is proceeding *pro se*, so her pleadings are entitled to a more liberal construction than the Court would give to pleadings prepared by a lawyer.  *See Haines v. Kerner*, 404 U.S. 519 (1972).  Giving a *pro se* litigant's pleadings a liberal interpretation and construction does not divest the *pro se* plaintiff of the responsibility of demonstrating that she has satisfied the jurisdictional requirements that limit the types of claims the Court of Federal Claims may entertain.  *See, e.g.*, *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987); *Hale v. United States*, 143 Fed. Cl. 180, 184 (2019).

The starting point for determining whether this Court has jurisdiction is the plaintiff's complaint.  *See Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997).

In her complaint, the plaintiff bases her claim for payment on the FLSA.  The FLSA provides a right of action and money damages for an employee who is entitled to "unpaid minimum wages, or . . . unpaid overtime compensation."  29 U.S.C. § 216(b).  For violations of the FLSA, the statute of limitations is two years, but an action may be commenced within three years if the cause of action arises out of a willful violation.  *Id.* § 255(a); *see also Adams v. United States*, 350 F.3d 1216, 1229 (Fed. Cir. 2003).  A claim accrues when an allegedly insufficient paycheck is issued.  *Santiago v. United States*, 107 Fed. Cl. 154, 159 (2012).

The plaintiff's claim is outside of the FLSA's general two-year statute of limitations.  The plaintiff did not commence this action until June 22, 2020, which is more than two years from her final earnings and leave statement issued on August 5, 2017 for the last pay period following her termination.  (*See* Def.'s Mot. to Dismiss, Ex. A.)  Because the plaintiff filed outside of the two-year limit, her claim is untimely absent allegations of a willful violation.

The plaintiff does not allege that her claim arises out of the VA's willful violation of the FLSA.  The plaintiff bears the burden of proving the willfulness of the employer's FLSA violations.  *Adams*, 350 F.3d at 1229.  Willfulness requires "that the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."  *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).  The plaintiff cites to this standard in her complaint but does not allege any facts that the VA knew that its conduct violated the FLSA or that it showed reckless disregard for whether its conduct violated the FLSA.  (*See* Compl. at 6.)

In the plaintiff's response to the defendant's motion to dismiss, she likewise does not contend that her claim is subject to the longer three-year limit for willful FLSA violations.

Instead, she points to the six-year statute of limitations for constructive fraud and misrepresentation. (Pl.'s Resp. at 2.) Not only is that not the cause of action raised in her complaint, but such a claim is beyond this Court's jurisdiction. *See Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (recognizing that the Court of Federal Claims lacks jurisdiction over tort claims, such as fraud).

In support of the plaintiff's newly asserted fraud claim, she makes several allegations against VA employees Barbra Fallen (also spelled "Barabra" in the brief), Melissa Lloyd, Lisa Contreras, Verna Ventura, and an unnamed agency attorney. (*See* Pl.'s Resp. at 2.) At most, these allegations can be construed to allege improper or illegal deductions from the plaintiff's wages, resulting in an alleged loss of $1,378.13. (*See* Pl.'s Resp. at 4-5.) Although an insufficient paycheck may be a violation of the FLSA on the merits, as a threshold matter, the plaintiff must allege a *willful* violation in order to invoke the FLSA three-year statute of limitations. Proof of willfulness requires the plaintiff to show that the VA acted recklessly, not just unreasonably, in determining its legal obligation. *See McLaughlin*, 486 U.S. at 135 n.13.

Even if the Court construes the plaintiff's fraud claim, which otherwise sounds in tort and is outside this Court's jurisdiction, to allege a "willful" violation of the FLSA necessary to satisfy the FLSA's extended three-year statute of limitations, that claim is not supported by adequate factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The plaintiff simply asserts a series of legal conclusions without supporting factual allegations. (*See, e.g.*, Pl.'s Resp. at 2-3 (alleging a "Civil Rights conspiracy by violating laws and duties in concert with the legally separate attorney" and alleging extrinsic fraud "for the purpose of collecting an invalid debt"); at 4 (alleging illegal termination); at 5 (alleging that the deductions were illegal and invalid and again alleging illegal termination); and at 6 (alleging "intentional wrong doing . . . to prevent Due process on behalf of Civil Rights).) The plaintiff alleges that Ms. Fallen instructed her assistant to start deducting wages between January 17, 2017 and August 5, 2017. (*Id.* at 4.) Although this allegation could be characterized as a willful act, it does not, standing alone, allege a willful violation. While the plaintiff does assert that there was intentional wrongdoing on the part of the VA, the plaintiff does not allege that Ms. Fallen knew or showed reckless disregard for whether such deductions were a violation of the FLSA. For example, the plaintiff does not allege that Ms. Fallen disregarded warnings or ignored legal advice. *See Bull v. United States*, 68 Fed. Cl. 212, 273 (2005) (noting that "[c]ourts have found willful violations of the FLSA where an employer disregards the DOL's Wage and Hour Division warnings, . . . ignores the advice of its own legal department, . . . or has been penalized previously for violating the FLSA) (citations omitted), *aff'd*, 479 F.3d 1365 (Fed. Cir. 2007).

Even reading the complaint and response brief liberally, the Court does not find any factual allegations, as opposed to conclusory legal assertions, of a willful violation of the FLSA. Absent an allegation of a willful violation, the two-year statute of limitations applies. The plaintiff's FLSA claim therefore is untimely, and the Court lacks subject matter jurisdiction.

In the complaint, the plaintiff also raises a claim for attorney's fees and costs under 42 U.S.C. § 1988. (Compl. at 1.) This Court, however, "does not have jurisdiction to entertain

4

federal civil rights violations because the protections afforded by 42 U.S.C. §§ 1981, 1983, and 1988 create liability only when injury occurs under state law." *Drake v. United States*, 792 F. App'x 916, 920 (Fed. Cir. 2019).  Moreover, a *pro se* litigant is not entitled to attorney's fees under § 1988.  *Kay v. Ehrler*, 499 U.S. 432, 435 (1991).

The plaintiff also alleges in her complaint a violation of due process and equal protection under the fourteenth amendment to the U.S. Constitution.  (Compl. at 7.)  This Court lacks jurisdiction over claims arising under the equal protection and due process clauses of the fourteenth amendment.  *Drake*, 792 F. App'x at 920.  Such claims must be brought in federal district court.

In the plaintiff's response to the defendant's motion to dismiss, she raises several additional substantive bases for her claim that were not included in her complaint.  These claims are not properly before the Court because they were not alleged in the complaint.  Given that the plaintiff, as a *pro se* litigant, may not be knowledgeable of proper procedure, the Court notes that it would lack subject matter jurisdiction over these additional bases, even if they had been properly raised in the complaint.  The plaintiff alleges violation of her civil rights and possibly a criminal conspiracy involving several VA employees.  Both claims are beyond this Court's subject matter jurisdiction.  *See id.* (recognizing that the Court of Federal Claims lacks jurisdiction over claims arising under the fourth amendment, due process of the fifth amendment, equal protection and due process clauses of the fourteenth amendment, and the federal civil rights statutes); *Taylor v. United States*, 16 Fed. App'x 423 (Fed. Cir. 1994) (holding that causes of action arising under the federal criminal code must be brought in the federal district courts because the Court of Federal Claims lacks jurisdiction).

## III.   CONCLUSION

The Court lacks subject matter jurisdiction over the plaintiff's claims.  Accordingly, the defendant's motion to dismiss is **GRANTED**.  Because the Court does not have jurisdiction, the Court does not reach the parties' motions for summary judgment.

The plaintiff's complaint is **DISMISSED** pursuant to RCFC 12(b)(1) and 12(h)(3).  Her claims under the FLSA are dismissed with prejudice; her civil rights claims are dismissed without prejudice.  The Clerk is directed to enter judgment accordingly.  No costs are awarded.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**
